**In re Leonard Donald TRAURIG, Debtor.**

**The INSURANCE COMPANY OF FLORIDA, Plaintiff,**

**v.**

**Leonard Donald TRAURIG, Defendant.**

**Bankruptcy No. 83–00862–BKC–SMW.
Adv. No. 83–0643–BKC–SMW–A.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 21, 1983.

---

Ronald Neiwirth, Miami, Fla., for plaintiff.

Louis Phillips, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon a Complaint For Nondischargeability Of A Debt and the Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The debtor owns fifty per cent of the common stock of Coverall Underwriters, Inc. ("Coverall"), a Florida corporation engaged in the occupation of insurance sales. "Coverall" entered into an "Agency Agreement" with the plaintiff, The Insurance Company of Florida ("I.C.F."), to act as an agency, writing insurance policies for "I.C. F.". Section VI(c) of this agreement, under "Premiums and Accountings", provides that:

All premiums received by the Agent shall be held in a fiduciary capacity as trustee for the Company until delivered to the Company or its duly authorized representative. The premiums received by the Agent, net of advance commission allowed, shall be kept in a separate fiduciary bank account separate from any other companys' accounts unless the Company otherwise consents in writing. Any consent given may be revoked at any time upon written notice to the Agent. The keeping of an account with the Agent on the Companys' books, as a creditor and debtor account, is declared a record memorandum of business transacted; and the keeping of such account, or an alteration in compensation rate, or a failure to endorse prompt remittance or compromise or settlement or declaration of balance of account, shall not waive the Companys' right to assert the fiduciary nature of the premiums collected by the Agent.

In addition to the foregoing, the debtor individually executed a "Guarantee of Performance" which provides, in relevant part, that:

In consideration of the Company entering into this Agency Agreement, the Undersigned guarantees the full and prompt performance by the Agent of all monies to be paid and all things to be done in accordance with every condition and covenant contained in this Agent Agreement or any supplements thereto, as well as payment of all other obligations which Agent may at any time owe to the Company wherever created....

Bankruptcy Code Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Plaintiff makes no allegation of embezzlement or larceny but contends that the defendant has committed fraud or defalcation while acting in a fiduciary capacity. Plaintiff argues that the alleged fiduciary relationship between the debtor and "I.C.F." arose as a

result of both the "Agency Agreement" and "Guarantee of Performance," the "Agency Agreement" purportedly established the fiduciary relationship between "Coverall" and "I.C.F." and the "Guarantee of Performance" allegedly extends the parameters of this relationship so that the debtor was vested with the identical duties and responsibilities assumed by "Coverall".

Assuming arguendo, that the "Agency Agreement" created a fiduciary relationship between "Coverall" and "I.C.F.", plaintiff must then address the issue of whether or not the "Guarantee of Performance" extended this fiduciary relationship and its resulting duties to the debtor. The Court finds the latter issue to be decisive.

Plaintiff argues that the said guarantee extends "Coveralls'" alleged fiduciary duties to the debtor because it is entitled a "Guaranty of Performance" rather than a Guaranty of Payment. Plaintiff also emphasizes the fact that the debtors' "Guaranty of Performance" guarantees "all things to be done" in the "Agency Agreement". If the plaintiff is correct in its position then the debtor is not a guarantor but is elevated to the position of an actual obligor. If this is what the parties had intended the debtor should have been required to sign the actual "Agency Agreement" rather than the "Guarantee of Performance".

■ A fiduciary relationship will not be implied based upon a contractual relationship alone. The parties must have truly intended to create a trust relationship. *In re Storms,* 28 B.R. 761 (Bkrtcy.E.D.N.C. 1983); *In re Simmons,* 9 B.R. 62 (Bkrtcy.S. D.Fla.1981). Mere recitation of the words "trust" or "fiduciary" in a contract cannot change a debtor-creditor relationship into that of fiduciary. *In re Storms* at 764. The plaintiff drafted both the "Agency Agreement" and the "Guarantee of Performance" and if it had intended the debtor to be a party to the former it could have so expressly stated.

Courts have held that the primary purpose of bankruptcy law is to relieve the debtor of his burden of indebtedness and to provide him with a "fresh start." *Perez v.*

*Campbell,* 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971); *Matter of Richmond,* 29 B.R. 555 (Bkrtcy.M.D.Fla. 1983). Accordingly, Exceptions To Discharge are narrowly construed to meet the "fresh start" policy in the Bankruptcy Code and the creditor has the burden of proving that the debt sought to be determined nondischargeable falls within one of the statutory Exceptions To Discharge. *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *In re Cross,* 666 F.2d 873, 880 (5th Cir.1982); *Matter of Nappi,* 29 B.R. 233 (Bkrtcy.M.D.Fla.1983).

■ Based upon the evidence presented, and without reaching a decision on the issue of whether or not the "Agency Agreement" created a fiduciary relationship between "Coverall" and "I.C.F.", the Court finds that the intention of the parties in connection with the "Guarantee of Performance" was to create a promise to protect against the default of the obligor. The Court further finds that "Coveralls'" purported breach of its alleged fiduciary relationship with "I.C.F." would have caused a mere debtor-creditor relationship between the debtor and "I.C.F.", not a fiduciary relationship.

In summary, the plaintiff has failed to establish that the debtor individually owed it a fiduciary duty nor has it met its burden of proof establishing the applicability of the exceptions to discharge provided for in Bankruptcy Code section 523(a)(4).

A separate Final Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.