**In the Matter of FUNVENTURES IN TRAVEL, INC.**

v.

**John F.X. DUNN.**

**Civ. A. No. 84–0733.**

United States District Court, E.D. Pennsylvania.

May 15, 1984.

Joshua Z. Goldblum, Levittown, Pa., for plaintiff.

Stephen L. Needles, Richboro, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is an appeal from an order of the bankruptcy court denying John F.X. Dunn (debtor) a discharge in bankruptcy. This court has jurisdiction pursuant to 28 U.S.C. § 1334(a). *In re Comer*, 716 F.2d 168, 173 (3d Cir.1983). For the reasons stated herein, the order of the bankruptcy court will be affirmed.

## I. FACTS

Plaintiff Funventures in Travel, Inc. is a corporation doing business as a travel agency both under its name and under its registered fictitious name "Executive Services." In June 1980, debtor entered into an oral agreement with the president of plaintiff corporation whereby debtor would sell airline tickets and other travel services for plaintiff. Under the agreement debtor would retain fifty percent (50%) of the commissions earned on his sales of travel services. During the course of the relationship debtor established a checking account in the name of "John F.X. Dunn, trading as

Executive Services." As debtor collected money from his sales he would deposit some of it into this account.

In June 1981, debtor terminated his relationship with plaintiff. At that time the president of plaintiff corporation discovered that debtor had not paid to plaintiff the full share of commissions to which plaintiff was entitled under the agreement. When confronted with the failure to pay debtor acknowledged that he owed plaintiff approximately $15,000.00. Debtor signed an acknowledgment of the amount owed and made an initial payment of $1,000.00.

In October 1981, plaintiff filed a complaint in state court seeking payment of the unpaid balance of the debt. A default judgment in the amount of $13,787.14 was entered against debtor. Later, debtor was prosecuted for and convicted of Theft by Failure to Make Required Disposition of Funds Received.[1] Debtor was ordered to make criminal restitution in the sum of $8,611.40 to plaintiff.

On December 31, 1981, debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff filed a complaint objecting to the discharge of debtor's $13,787.14 debt basing its objection on 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6).[2] After a hearing on the matter, the bankruptcy judge held that under 11 U.S.C. § 523(a)(4) debtor was not entitled to a discharge of the debt because debtor had obtained the money from plaintiff by "... actual fraud and by defalcation, embezzlement or larceny...." Debtor now appeals seeking a

---

1. *See* 42 Bucks Co.L.Rep. 320 (1983); 18 Pa. Cons.Stat.Ann. § 3927 (Purdon 1983).

2. The statute, 11 U.S.C. § 523, in pertinent parts, provides:

    (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—...

    (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

    (B) use of a statement in writing—

    (i) that is materially false;

    (ii) respecting the debtor's or an insider's financial condition;

    (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

    (iv) that the debtor caused to be made or published with intent to deceive; ...

    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; ...

    (6) for willful and malicious injury by the debtor to another entity or to property of another entity....

reversal of the bankruptcy court's order to the extent the bankruptcy court held that any amount above the sum of $8,611.40 is nondischargeable. Debtor does not claim that the court-ordered criminal restitution in the sum of $8,611.40 is dischargeable.

## II. DISCUSSION

■ On an appeal from the bankruptcy court, this court must accept the bankruptcy judge's findings of fact unless they are clearly erroneous. *In re Morrissey*, 717 F.2d 100, 104 (3d Cir.1983). The clearly erroneous standard, however, does not apply to questions of law, *In re Meade Land Development Co.*, 527 F.2d 280, 282–283 (3d Cir.1975), and therefore this court must make an independent determination of the legal issues.

■ Debtor sets forth three arguments in support of his position that the bankruptcy court erred in holding any amount over $8,611.40 to be a nondischargeable debt. The first argument is that plaintiff did not adequately prove a debt owed by debtor in the sum of $13,787.14. This argument need not detain the court. During the bankruptcy hearing plaintiff presented ample evidence which, when taken as a whole, showed that debtor owed plaintiff the sum of $13,787.14 for unpaid commissions on sales of travel services made by debtor. The evidence included the testimony of the president of plaintiff corporation, the acknowledgment signed by the debtor, and undisputed testimony that a default judgment for money owed to plaintiff by debtor for unpaid commissions had been entered against debtor in the sum of $13,-787.14.

■ Debtor's second argument is that despite his "... defalcation, misappropriation or embezzlement of funds in a fiduciary capacity ..." his subsequent acknowledgment of the debt negates any showing of bad faith or fraudulent intent, a showing required under 11 U.S.C. § 523(a)(4). This argument must be rejected. In order for the court to accept this argument the court would have to ignore the plain wording of the statute as well as case law on the

subject. It is clear that when, as in this case, a person obtains funds through conduct set forth in the statute, an underlying debt which arises as a result of that conduct is not made dischargeable by an acknowledgment of the debt signed by the debtor prior to the debtor filing a bankruptcy petition. *See Greenberg v. Schools*, 711 F.2d 152 (11th Cir.1983); *Arnold v. Employers Insurance of Wausau*, 465 F.2d 354 (10th Cir.1972).

■ Debtor's final argument is that he and plaintiff corporation were partners in the travel business and therefore he was not in a fiduciary relationship with plaintiff. Even if the court was to accept debtor's argument, the debt owed by debtor to plaintiff is still not dischargeable. The statute provides that a debt is not dischargeable if it arises from "... fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny...." The phrase "while acting in a fiduciary capacity" does not modify the words "embezzlement or larceny." *See In re Crook*, 13 B.R. 794, 798 (Bkrtcy.D.Me.1981); *In re Gumieny*, 8 B.R. 602, 605 (Bkrtcy.E.D.Wis. 1981). Thus, even assuming debtor was not acting in a fiduciary capacity, the debt would still not be dischargeable if the debt arose as a result of "embezzlement or larceny."

For purposes of nondischargeability, "embezzlement" is the knowing and willful misapplication or conversion of property which belongs to another, by a person to whom such property has been entrusted or into whose hands it has lawfully come. *See Matter of Storms*, 28 B.R. 761, 765 (Bkrtcy.E.D.N.C.1983); *U.S. Life Title Ins. Co. of New York v. Dohm*, 19 B.R. 134, 138 (N.D.Ill.1982). The evidence, including debtor's testimony and acknowledgment, clearly shows that: (1) some of the proceeds debtor received as a result of his sales belonged to plaintiff; and (2) debtor knowingly retained some of the proceeds belonging to plaintiff despite an obligation to transmit such proceeds to plaintiff. This evidence is sufficient to support findings

that debtor embezzled within the meaning of 11 U.S.C. § 523(a)(4) and is not entitled to a discharge of the debt which arose as a result of that embezzlement.[3]

### III. CONCLUSION

Since the court determines there is sufficient evidence to support the bankruptcy court's finding that debtor's debt to plaintiff in the sum of $13,787.14 is a debt which arose out of activity set forth in 11 U.S.C. § 523(a)(4), the court will affirm the bankruptcy court's decision denying discharge of that debt.

---

**3.** The determination that debtor embezzled within the meaning of 11 U.S.C. § 523(a)(4) is dispositive of the issue of nondischargeability and therefore there is no need to determine whether debtor's conduct was also "... fraud or defalcation while in a fiduciary capacity, ... or larceny."