**In re Russell E. DAVIS, a/k/a Russell Davis, Debtor.**

**Allan TRYNZ and Frieda Trynz, his wife, Plaintiffs,**

**v.**

**Russell E. DAVIS, a/k/a Russell Davis, Defendant.**

**Bankruptcy No. 84–01574–BKC–TCB. Adv. No. 84–0627–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Feb. 25, 1985.

Phillip T. Crenshaw, Crenshaw & Crenshaw, P.A., Lake Worth, Fla., Terrence W. Kadyszewski, West Palm Beach, Fla., for plaintiffs.

Angus J. Campbell, P.A., West Palm Beach, Fla., for debtor/defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiffs hold a $30,500 judgment against the debtor. They seek exception from discharge for that claim under 11 U.S.C. § 523(a)(2) and (4). The debtor has answered. The matter was tried on February 19.

 The plaintiffs have presented no basis for exception under § 523(a)(4). It is neither alleged nor shown that there was any embezzlement or larceny by the debtor. It is plaintiffs' burden, therefore, under this subsection to prove:

"fraud or defalcation while acting in a *fiduciary capacity*". (Emphasis added).

It has long been settled that for the purposes of this subsection and its legislative predecessors that there must be proof of an express trust and a formal fiduciary capacity. Plaintiffs have neither alleged nor proved such a capacity on the part of the debtor. The debtor was the president of a Florida corporation. Plaintiffs purchased an equity interest in the corporation and obtained stock reflecting that investment. This relationship falls far short of a "fiduciary capacity" within the purview of this subsection. *Collier on Bankruptcy* ¶ 523.14[1][c] (15th ed.).

The oral testimony before me establishes that in the spring of 1981 plaintiffs responded to a newspaper advertisement inviting investment in Circular Contemporary Homes Development Corporation, a Florida corporation. They spoke with the debtor's fellow officer, the secretary of the corporation. They were orally promised by him that their investment would be used to build homes of a specific design in the

Jupiter area. They were specifically promised that (a) their investment would not be used unless thirteen other investors agreed to participate and (b) the corporate property would not be mortgaged or otherwise encumbered. They invested $8,500 on June 30, 1981 and another $8,500 on September 22, 1981.

They never had any contact with the debtor until shortly after their investment when the corporation held a reception for the opening of its model house in January, 1982. They met the debtor who expressed confidence in the future prospects. He was not requested to, nor did he voluntarily repeat, the earlier promises made by his associate to the plaintiffs. In September, 1982 the plaintiffs finally received their stock certificate and in the winter of 1982 they received a financial statement and access to the company's records which demonstrated that the company was broke, that only six investors put up their money and, as a result, the corporate property was subjected to liens in excess of its market value. The plaintiffs have never recovered any part of their investment.

They also learned at about the same time that the corporation had had an earlier model constructed by another contractor which had been a financial disaster. This failure occurred after plaintiffs had made their investment, but they were not told of the failure until November of 1982. The debtor became disenchanted with his associate, terminated their relationship and the corporation suspended all activities by the end of 1982. The debtor lost heavily in this venture, which ultimately led to his bankruptcy. All of the money received from the plaintiffs, as well as all other investors, went into the corporate venture. It is not suggested that any part of the proceeds were diverted or that the debtor received any personal gain from the plaintiffs' investment.

■ Under § 523(a)(2)(A), plaintiffs must prove that their debt is:

"for obtaining money ... by (A) false pretenses, a false representation, or actual fraud...."

Exception from discharge under this subsection requires:

"moral turpitude or intentional wrong; fraud implied in law which may exist without imputation of bad faith or immorality, is insufficient. It must further affirmatively appear that such representations were knowingly and fraudulently made...." *Collier on Bankruptcy* ¶ 523.08[4] (15th ed.).

It is clear that the foregoing facts do not constitute false pretenses, a false representation, or actual fraud as to this debtor, for the purposes of this statutory provision.

In 1983, plaintiffs sued the corporation, the debtor and his associate in the State court on two causes of action. The first was based upon common law fraud. The second was based upon § 517.211, Florida Statutes (1983), which permits a civil money judgment against those responsible for the sale of unregistered stock. The stock issued to the plaintiff had not been registered. The Florida statute permits recovery not only from the person making the sale but also any director or officer:

"if the director, officer, partner, or agent has personally participated or aided in making the sale."

The case was tried to a jury. The debtor, though properly served, did not appear to defend himself. A judgment was entered jointly and severally against all the defendants for $30,500. The serious question in this case, therefore, is whether this judgment constitutes a predicate for exception from discharge.

■ Neither the judgment nor any other part of the record of the state litigation brought to my attention rules out the possibility that the judgment was based solely upon the statutory cause of action. As has already been indicated, there must be proof of actual fraud involving moral turpitude to support exception from discharge. The State court judgment does not furnish a basis for any such finding. *Wright v. Lubinko*, 515 F.2d 260, 263 (9th Cir.1975). Although that decision preceded the present Bankruptcy Code, there is no

material change in the present statute. *Collier on Bankruptcy* ¶ 523.08[5] (15th ed.). The Florida statute upon which plaintiffs' State court judgment could well have been predicated, does not require the proof of scienter. *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir.1983). The State court judgment, therefore, cannot furnish the necessary element for exception from discharge.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice. Costs may be taxed on motion.