Marc L. Goldman, Stabinski & Funt, Miami, Fla., for plaintiff.

Neil Flaxman, Coral Gables, Fla., for defendants.

Jeanette Tavormina, trustee.

**In re Alberto FIGARI and Ilse I. Figari a/k/a Ilse I. Aranibar, his wife, Debtors.**

**TECNITUR, S.A., Plaintiff,**

v.

**Alberto FIGARI and Ilse I. Figari, a/k/a Ilse I. Aranibar, his wife, Defendants.**

**Bankruptcy No. 85–02235–BKC–TCB. Adv. No. 86–0048–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

March 5, 1986.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

A creditor seeks exception from discharge for its claim of $14,882 under 11 U.S.C. § 523(a)(4), alleging that the debt was for "embezzlement or larceny." At trial, plaintiff abandoned any other ground referred to in its complaint, which also mentions § 523(a)(2)(A) and "fraud or defalcation while acting in a fiduciary capacity" under § 523(a)(4), as well as § 727 (grounds for denial of discharge).

The evidence contains relatively little conflict. The debtor/husband was the president and chief executive of a corporate travel agency in Miami, Trav Am, of which he owned 10%. The debtor has personally guaranteed all of Trav Am's obligations to plaintiff. During the 13 months between May 1982 and June 1983 Trav Am did $84,575 worth of business with the plaintiff, Tecnitur, a Peruvian corporation which provides tourist services in that country. The contract between the parties provided that plaintiff would furnish services booked by Trav Am for its customers, billing Trav Am for the cost of those ser-

vices plus an agreed commission. Trav Am collected from its customers and had 30 days from the billing date to pay plaintiff. This delay was designed to afford Trav Am time to adjust any customer complaints and, presumably, to receive cash from credit card payments. Plaintiff is the largest travel service in Peru.

All went well until June 1983 when Trav Am stopped payment of three checks payable in the aggregate amount of $14,882 to plaintiff. Two of the checks were postdated July 31 and August 31. When payment was stopped, plaintiff ceased providing services for Trav Am and subsequently commenced a civil action upon its account against Trav Am in Miami.

Although the debtor now claims that Trav Am stopped payment because (a) plaintiff hurt his reputation with the major Peruvian airline causing it to suspend Trav Am's agency privilege, and (b) he received complaints from customers as to the services for which payment was stopped, I find these explanations unpersuasive. To begin with, there is no record that either explanation was given to plaintiff. Secondly, plaintiff and a disinterested witness deny both. Thirdly, the debtor has provided no corroboration on either explanation. It appears more plausible to me that Trav Am's financial woes, which ultimately provoked the debtor's bankruptcy on October 3, 1985, led him to delay and eventually to withhold payment. The postdated checks support this inference.

Although I agree with plaintiff in the foregoing respect, I disagree with the plaintiff in all other respects.

The debtor has not been charged, much less convicted, of any crime in connection with this transaction. Therefore, plaintiff must prove

"the fraudulent appropriate of property of another by a person to whom such property of another has been entrusted or into whose hands it has lawfully come,"

the federal definition of "embezzlement" for dischargeability purposes, or "larceny," which differs:

"only with respect to the manner in which the property comes into the possession of the party charged: In the case of larceny, the original taking must itself be unlawful or fraudulent."

*Teamsters Local 533 v. Schultz (In re Schultz)*, 46 B.R. 880, 889 (Bankr.D.Nev. 1985). Plaintiff has proved neither.

The money in question came into the debtor's possession as the manager of Trav Am lawfully from Trav Am's customers. This was not a trust fund for plaintiff's benefit. *Matter of Angele*, 610 F.2d 1335, 1338 (5th Cir.1980). He committed no larceny against anyone with respect to this transaction.

Although plaintiff insinuates that the debtor used Trav Am's receipts from its customers to buy expensive cars for his personal use instead of paying the plaintiff's account, the proof fails to establish this insinuation. Even if it did, the money received by Trav Am from its customers was never the property of the plaintiff and the debtor never had possession of any property of the plaintiff. He could not have embezzled from plaintiff had he wished to do so.

Plaintiff relies upon *Funventures in Travel, Inc. v. Dunn*, 39 B.R. 249 (E.D.Pa. 1984) in which the district court affirmed the bankruptcy court's exception from discharge of a debt owed to a travel agency by an agent who failed to remit commissions collected by the agent for the travel agency. He had been convicted of theft in connection with the transaction. Both courts found defalcation by a fiduciary (not an issue in our case) and, alternatively, embezzlement.

In that case, unlike ours, the debtor obtained possession of money *owned* by the plaintiff/creditor and converted it to his own use. The holding is not in point here. Plaintiff has not proved any basis for relief under § 523(a)(4).

On the eve of trial, plaintiff sought belated discovery from the debtor, who was unavailable until trial. On that ground

plaintiff moved for a continuance of the trial. The motion was denied (C.P. No. 7):

"without prejudice to the plaintiff renewing at time of trial its request for continuance in order to seek discovery from the debtor in support of this adversary complaint."

The debtor never renewed his motion. It is clear to me from the basic facts which are not disputed that plaintiff cannot prove any ground for relief under § 523(a)(4). As has already been noted, plaintiff abandoned any other possible ground, even if any other ground was alleged and I do not believe plaintiff properly alleged any other ground for relief.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint with prejudice. Costs may be taxed on motion.