**In re Stephen Craig ELLIOTT, Debtor.**

**Gary McCLAIN, Plaintiff,**

v.

**Stephen Craig ELLIOTT, Defendant.**

**Bankruptcy No. 86–00675–BKC–TCB.**

**Adv. No. 86–0491–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 22, 1986.

L. Martin Reeder, Jr., West Palm Beach, Fla., for plaintiff.

John D. Kurtz, Leslie Gern Cloyd, West Palm Beach, Fla., for defendant.

Irving E. Gennet, Boca Raton, Fla., Trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

Plaintiff seeks exception from discharge under 11 U.S.C. § 523(a)(4) for his claim in the amount of $30,719 against the debtor. The debtor has answered and the matter was tried on October 14.

■ Section 523(a)(4) excepts from discharge debts:

for fraud or defalcation *while acting in a fiduciary capacity*, embezzlement, or larceny. (Emphasis added).

Plaintiff has neither alleged, proved, nor argued any embezzlement or larceny.

The asserted predicate for the required fiduciary capacity is that plaintiff and defendant became partners in the wholesale nursery business in March, 1976. The bone of contention here is that the debtor sold certain real property in 1983, claimed by plaintiff to be partnership property, without plaintiff's consent and without accounting to plaintiff for his interest in the property.

Since this statutory provision first appeared in 1841, it has consistently been limited in its application to technical or express trusts as distinct from the frauds of agents, bailees, brokers, factors, partners, and other persons similarly situated. 3 *Collier on Bankruptcy* ¶ 523.14[1][c] (15th Ed.1986). The applicability of this provision is a federal question and is, therefore, not affected by a state statute imposing a fiduciary relationship upon particular agents. *Angelle v. Reed (Matter of Angelle)*, 610 F.2d 1335 (5th Cir.1980) (building contractor). The fact that Florida has adopted the Uniform Partnership Act, *Fla. Stat.* § 620.66(1) (1985), making a partner accountable to the partnership does not create a technical or express trust and does not, therefore, make this defendant a fiduciary for the purposes of this federal statutory provision. *Moore v. Holman (In re Holman)*, 42 B.R. 848 (Bankr.E.D.Mo.1984) (a partner under the Uniform Partnership Act). This consideration is fatal, of course, to plaintiff's cause of action.

■ Plaintiff has requested stay relief under § 362(d) in order to conclude the State litigation pending against the debtor for the purpose of fixing the exact amount of his claim. If the amount of plaintiff's claim is disputed in this bankruptcy, the automatic stay is modified to permit the parties to conclude the litigation in the State court to settle the amount of the claim. That determination will not affect the dischargeability of the claim.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice. Costs may be taxed on motion.