In re: Murray CORWIN, Debtor.

DAMIAN MANUFACTURING CO.,
LTD., a Jamaican corporation,
Plaintiff,

v.

Murray CORWIN, Defendant.

Bankruptcy No. 87–00127–BKC–SMW.
Adv. No. 87–0123–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Aug. 3, 1987.

Sandy Karlan, Miami, Fla., for defendant.

Robert Maland, Miami, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court on upon the complaint of creditor Damian Manufacturing Co. against the debtor, Murray Corwin, to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(4) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

In December of 1980, creditor Damian Manufacturing Co. ("Damian") entered into an agreement with debtor Murray Corwin (the "debtor") providing that the debtor would act as a purchasing agent for Damian. Damian required the debtor's services to purchase equipment, machinery and parts for delivery in Jamaica where they would be used in equipping and creating a clothing manufacturing factory. The debtor agreed to purchase the equipment at dealer cost and receive reimbursement for his actual out-of-pocket expenses related to the purchase of the equipment.

The parties agree that at least $176,-000.00 was deposited in a Hallandale Bank account owned by the debtor. The financial arrangement was for Damian's president to write checks to the debtor who in turn endorsed and deposited the checks in his Hallandale account for payment to the various suppliers. All statements on the Hallandale account were directly mailed to the debtor's office where he maintained the account's records. Damian was denied production of these bank records until after state court litigation had been initiated and the circuit court judge ordered their production. The debtor insists, however, that Damian's president was free to examine the statements and did so in the debtor's office prior to the circuit court's order.

As part of the agreement, the debtor was to provide Damian with a full accounting of all matters concerning his actions while acting as Damian's purchasing agent. Although the debtor did account to Damian as to his expenditures, Damian's president discovered the debtor's accounting conflicted with the actual invoices on the purchases. Upon a thorough investigation, Damian's president found that the debtor had acquired blank invoices from a supplier and wrote inflated prices for purchases on them to use to give to Damian as an accounting. When the shipment invoices arrived with the supplies they were for less money and written by the supplier's employee. The Court does not find credible the debtor's unsubstantiated explanation that he acquired from the supplier and wrote the false invoices at the direction of Damian's president.

As a result of the above activities, Damian brought suit in state court for the recovery of the money taken by the debtor. The jury returned a verdict of breach of contract and fiduciary duty and awarded damages of $100,000.00, subsequently reduced by the trial court to $66,000.00. Damian seeks relief from this Court pursuant to 11 U.S.C. § 523(a)(4) to except the state court judgment from discharge.

Under 11 U.S.C. § 523(a)(4) a judgment is excepted from discharge if the debt was "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Although the Court finds that the judgment is excepted from discharge under this provision for embezzlement by the debtor, the Court agrees with the debtor's counsel that the debtor did not commit "fraud or defalcation while acting in a fiduciary capacity."

The mere fact that the state court jury found that the debtor breached a fiduciary duty is insufficient to establish a fiduciary relationship for bankruptcy purposes under 11 U.S.C. § 523(a)(4). A bankruptcy court will not find a fiduciary relationship exists under 11 U.S.C. § 523 unless there is proof of an express or technical trust. *See McClain v. Elliot (In re Elliot)*, 66 B.R. 466, 467 (Bankr.S.D.Fla.1986); *Trynz v. Davis (In re Davis)*, 47 B.R. 599, 600 (Bankr.S.D.Fla.1985) and *Chrysler Credit Corporation v. Rebhan (In re Rebhan)*, 45 B.R. 609, 613 (Bankr.S.D.Fla.1985). Damian presented no evidence of an express trust to this Court and therefore relief is denied under this section of 11 U.S.C. § 523(a)(4).

However, "a finding of nondischargeability under § 523(a)(4) for embezzlement does not require the existence of a fiduciary relationship." *Rebhan*, 45 B.R. at 614. Embezzlement is the "fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *RTL Holdings Corp. v. Kelly (In re Kelly)*, 35 B.R. 640, 642 (Bankr.S.D.Fla. 1983). *See also Tecnitur v. Figari (In re Figari)*, 59 B.R. 79, 80 (Bankr.S.D.Fla. 1986). The applicability of 11 U.S.C. § 523 is a federal question and, therefore, this Court is not precluded from finding embezzlement was committed by the debtor even though the state court judgment included only breaches of contract and fiduciary duty. *Elliot*, 66 B.R. at 467. Circumstantial evidence may be used to find an intent to defraud to support a finding of embezzlement. *See Clark v. Taylor, (In re Taylor)*, 58 B.R. 849, 855 (Bankr.E.D.Va.1986); *Moonan v. Bevilacqua (In re Bevilacqua)*, 53 B.R. 331, 334 (Bankr.S.D.N.Y.1985) and *Rebhan*, 45 B.R. at 614.

The evidence shows that the debtor knowingly falsified the invoices to an inflated figure and then claimed that the figures were accurate in his accounting to the creditor. The facts are sufficient for the Court to infer a fraudulent intent by the debtor and find that the debtor fraudulently appropriated, for his own use, Damian's money which had been entrusted to him to purchase equipment and machinery necessary for the creation of a clothing factory.

Based on the foregoing, the state court judgment is excepted from discharge under 11 U.S.C. § 523(a)(4) because of the debtor's embezzlement of Damian's funds. A separate Final Judgment of even date has been entered in conformity herewith.