In re Diane L. DUCHARME, Debtor.

Karen K. DAVIS, Plaintiff,

v.

Diane L. DUCHARME, Defendant.

Bankruptcy No. 88–00216–BKC–SMW.
Adv. No. 88–0139–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

May 2, 1988.

Curtis G. Levine, Levine & McRae, Boca Raton, Fla., for plaintiff.

Jeffrey A. Sarrow, Ft. Lauderdale, Fla., for debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon a complaint by Karen K. Davis (the "creditor") against Diane Ducharme (the "debtor") to determine the dischargeability of a state court judgment pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following Findings of Facts and Conclusions of Law:

In February, 1985 the creditor and the debtor entered into a business transaction to establish a commercial real estate practice. The debtor was to act as a broker and the creditor as a salesperson and finan-cial backer. The parties entered into a written employment agreement whereby the creditor agreed to pay all of the office expenses with the understanding that when the business received its first real estate commission, the creditor would be reimbursed for the expenses and receive a 50% share of commissions after office expenses were paid. From March, 1985 through December, 1985 the creditor made loans to the debtor totaling $20,058.82. In addition, the creditor executed and delivered to the debtor nine promissory notes totaling $36,-000.00 plus interest. Thereafter, despite demands by the creditor for repayment of the debts, the debtor made no payments and the creditor instituted an action to collect the debt in state court. Subsequently, a final judgment for $66,000.00, including interest, was entered in state court in favor of the creditor.

Under 11 U.S.C. § 523(a)(2)(A) a debt will be excepted from discharge when a debtor makes a false representation when incurring a debt. In determining whether a particular debt is excepted from discharge, 11 U.S.C. § 523(a)(2)(A) should be strictly construed against the objecting creditor, and the burden is on the creditor to prove the exception. *Hunter v. Schweig (In re Hunter)* 780 F.2d 1577 (11th Cir. 1986).

To bar the discharge of a debt for a false representation or fraud the creditor must show the following: that the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation. *Hunter,* 780 F.2d 1579; *In re Mangel,* 72 B.R. 516, 522 (Bankr.S.D.Fla.1987). Furthermore, 11 U.S.C. § 523(a)(2)(A) requires the "type of fraud which, in fact, involves moral turpitude or intentional wrong and fraud implied in law which may exist without imputation of bad faith or immorality is insufficient." *Hunter,* 780 F.2d at 1579; *Everman v. Kiester (In the Matter of Ever-*

**642**

*man),* 72 B.R. 687, 690 (Bankr.M.D.Fla. 1987).

There is no indication of fraud in the facts of this case. At the time of the initial loan transactions, the parties believed that they were entering into a promising business arrangement wherein the debtor evidenced an intent to fully reimburse the creditor. In fact, the creditor continued to loan funds to the debtor until an unpleasant termination of their business association.

Based on the totality of the circumstances, the Court finds that there is insufficient evidence that the debtor made a "knowingly false" representation to the creditor or committed any fraud when entering into the various loan transactions with the creditor. Therefore, the Court finds that the state court judgment is dischargeable under 11 U.S.C. § 523(a)(2)(A).

■ The creditor also argues that the debt is nondischargeable under 11 U.S.C. § 523(a)(4) because the debt was incurred by the debtor through fraud or defalcation while acting in a fiduciary capacity. The creditor contends that the debtor, as a licensed real estate broker, had a duty to the creditor, created by their agreement, to collect and hold the commissions received for the creditor's benefit in a constructive trust. The creditor argues that the debtor breached her fiduciary duty by failing to hold the commissions for the creditor's benefit.

■ Under 11 U.S.C. § 523(a)(4) a judgment is excepted from discharge if the debt was "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." A bankruptcy court will not find that a fiduciary relationship exists under 11 U.S.C. § 523 unless there is proof of an express or technical trust. *Damian Manufacturing Company v. Corwin, (In re* Corwin) 76 B.R. 221 (Bankr.S.D.Fla.1987); *McClain v. Elliott (In re* Elliott), 66 B.R. 466, 467 (Bankr.S.D.Fla.1986). The creditor failed to establish the existence of an express or technical trust, therefore, the court finds that the debt is not excepted from discharge under 11 U.S.C. § 523(a)(4).

In summary, the Court finds that the debt is not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) or (a)(4). A separate Final Judgment of even date has been entered in conformity herewith.