In re Allen S. MULLIN, Jr., and Deborah G. Mullin, Debtors.

Vickie STEWART–MICHAUD, Plaintiff,

v.

Allen S. MULLIN, Jr., Defendant.

Bankruptcy No. 88–00801–BKC–SMW.

Adv. No. 88–0262–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Aug. 4, 1988.

Raul A. Cuervo, Miami, Fla., for debtor.

David L. Kout, North Miami, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SYDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court upon the creditor, VICKIE STEWART–MICHAUD's, complaint to determine dis-

chargeability of a debt owed by the debtor, ALLEN S. MULLIN, JR., pursuant to 11 U.S.C. § 523(a)(2)(A) and (B), § 523(a)(4), and § 727(a)(4)(C) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a),(b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(J) and 28 U.S.C. § 157(b)(3).

The debtor was a Florida licensed real estate broker, who maintained a real estate business in Palm Beach County, Florida. In April, the creditor entered into a certain employment agreement with Allen S. Mullin Real Estate to act as a real estate salesperson under the supervision and direction of the debtor.

The employment Agreement describes several affirmative duties of the broker (debtor) and the salesperson (creditor). The creditor's duties included keeping the debtor apprised at all times of her activities, to spend a certain amount of time in the office to perform certain duties (also known as "floortime") and to attend to all details and preparations of forms relating to her exclusive listings. An addendum to the employment agreement set forth the commission amounts which the creditor would earn for her efforts related to the selling, leasing and buying for Southampton Construction Company, Inc. ("Southampton"), a company owned by the creditor's husband.

The creditor did in fact bring into the office two real estate transactions in which Southampton was involved. A dispute arose when the debtor held back amounts the creditor insisted were due her pursuant to the addendum to the employment agreement. The debtor did not pay those amounts based on his assessment that the creditor, as his employee, had failed to live up to the affirmative duties imposed on the creditor pursuant to the agreement.

At trial, the creditor's claims under 11 U.S.C. § 727 were dismissed for failure to state a claim. The creditor further alleged that the debtor's failure to pay the amounts in dispute is tantamount to fraud under 11 U.S.C. § 523(a)(2)(A) or fraud or defalcation under 11 U.S.C. § 523(a)(4) because the representations made in the employment agreement were not lived up to by the debtor. In determining whether a particular debt is excepted from discharge the provisions of 11 U.S.C. § 523 are strictly construed in favor of the debtor. *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L Ed. 717 (1915). The burden is on the creditor to prove the exception by clear and convincing evidence. *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986).

In order for a bankruptcy court to determine that a particular debt is nondischargeable because of a debtor's false representation, a creditor must prove the following elements: "the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation." *Hunter* 780 F.2d at 1579. There is no indication that the debtor made a false representation to the creditor. On the contrary, the evidence reflects that the debtor fully intended to pay any monies owed to the creditor at the time he entered into the employment contract with her. Instead, a contract dispute arose regarding the terms of the employment agreement and the creditor's compliance with those terms. The fact that this debt is based on a simple contract dispute is further buttressed by a judgment obtained by the creditor in a state court action based on one of the Southampton transactions. That action did not sound in fraud, rather, it is a simple breach of contract judgment.

Based on the foregoing facts, the Court finds, that there is insufficient evidence that the debtor made a knowingly false representation to the creditor or committed

any fraud when entering in to the employment agreement. Therefore, the Court finds that the debt is dischargeable under 11 U.S.C. § 523(a)(2)(A).

■ The creditor also argues that the debt is nondischargeable under 11 U.S.C. § 523(a)(4) because the debt was incurred by the debtor through fraud or defalcation while acting in a fiduciary capacity. The creditor contends that the debtor, as a licensed real estate broker, had a duty to the creditor, created by their agreement, to collect and hold certain commissions received for the creditor's benefit in a constructive trust. The creditor argues that the debtor breached his fiduciary duty by failing to hold those commissions in trust.

■ Under 11 U.S.C. § 523(a)(4) a judgment is excepted from discharge "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." A bankruptcy court will not find a fiduciary relationship exists under 11 U.S.C. § 523 unless there is proof of an express or technical trust. *See, In re Corwin,* 76 B.R. 221, 223 (Bankr.S.D.Fla.1987); *In re Elliott,* 66 B.R. 466, 467 (Bankr.S.D.Fla.1986); *In re Davis,* 47 B.R. 599, 600 (Bankr.S.D. Fla.1985); and *In re Rebhan,* 45 B.R. 609, 613 (Bankr.S.D.Fla.1985). The creditor failed to establish the existence of an express or technical trust to this Court. A fiduciary relationship will not be implied based upon a contractual relationship alone. *In re Traurig,* 34 B.R. 637, 639, (Bankr.S.D.Fla.1983). The employment agreement herein reveals no intent whatsoever to create a trust relationship between the parties. Because no fiduciary relationship has been established, the Court need not address whether a defalcation was committed. Therefore, the Court finds that the debt is dischargeable pursuant to 11 U.S.C. § 523(a)(4).

In summary, the Court finds that the debt is dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(4).

A separate Final Judgment of even date has been entered in conformity with these findings of fact and conclusions of law.