In re Thomas E. WARD, Jr. and Nancy C. Ward, his wife t/a Tom Ward Rentals, Rosewood Farm Manor, Debtors.

Jean Gibbs HARRIS, Plaintiff,

v.

Thomas E. WARD, Jr. t/a Tom Ward Rentals, Rosewood Farm Manor, Defendant.

Bankruptcy No. 87–2316.
Adv. No. 87–0469.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 8, 1988.

George A. Baillie, Ceisler/Richman/Sweet Law Firm, Washington, Pa., for plaintiff.

James C. Warmbrodt, Joseph E. Fieschko, Jr., Pittsburgh, Pa., for defendant.

Carlota M. Bohm, Schaffler & Bohm, Pittsburgh, Pa., Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court is Plaintiff's Objection to Dischargeability of certain debt, pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6). A trial was held, at which time testimony was offered. Based upon the evidence so adduced we find Plaintiff has not met her burden of proof, and judgment will be entered for Defendant.

### FACTS

On July 22, 1985 Jean Gibbs Harris ("Plaintiff") entered into a sales agreement with Rosewood Farm Manor, Inc. ("Rosewood") for the purchase of a 1985 Holly

Park mobile home, serial number 01 HP 12241. The document shows a purchase price of $21,900.00, taxes of $1,314.00, and fees of $50.00, for a total of $23,264.00. It further indicates a net allowance toward the purchase price of $18,863.00, same being an insurance payment for the fire loss to Plaintiff's previous mobile home. The total balance due is $4,401.00.

The sales agreement was negotiated and signed by Richard A. Ward on behalf of Rosewood and by Plaintiff, individually. In a section of the agreement form specifically set aside for description, the following appears in the hand of *Richard Ward:*

Selling Price inc[lude]s
  Delivery
Set up inc[lude]s
  Block and level
Hook up water & sewage
  within 20'
Jean Gibbs agrees to pay
$4401.00 upon settlement
of Insurance from Foremost
Only warranty is from
Holly Park only
No Skirting & No Electrical

Plaintiff's signature appears at the end of this explanation, and also at the bottom of the agreement, acknowledging receipt of a copy of same.

Upon sale of this mobile home Thomas E. Ward, Jr. ("Debtor") as President of Rosewood, submitted the appropriate state sales tax and form to the Commonwealth, along with a vehicle registration form. Richard Ward signed the registration form on Plaintiff's behalf; a power of attorney approving said representation was executed and notarized July 15, 1985. The registration form and tax certification identify the mobile home as a 1984 model, rather than a 1985 model; however, they bear the same serial number.

Rosewood is located across a highway from a trailer park which was to be the mobile home's destination. Plaintiff testified that she inspected the trailer several times, on more than one occasion, before deciding to purchase it for her daughter. Neither Plaintiff nor her daughter were present when the mobile home was delivered and connected to the utilities. Plaintiff testified that when she did arrive, she noticed several dents and long scratches on the exterior. Upon entry to the trailer, Plaintiff claims she found furnishings which were different from those she saw in the trailer when she first inspected it on Rosewood's lot. Shortly thereafter, Plaintiff states she found damage to a window shutter and the toilet. Although she has never lived in the mobile home, Plaintiff asserts that the trailer's interior has sustained substantial water damage, as a result of leaks from the top and sides of the trailer. Plaintiff's daughter did not testify as to any of these conditions. Plaintiff claims the trailer is uninhabitable, but her daughter has occupied same on a permanent basis since July 1985.

## ANALYSIS

Section 523 of the Bankruptcy Code provides that a discharge under § 727 does not discharge certain debts. Plaintiff seeks to have a judgment entered and have same found to be nondischargeable pursuant to § 523(a)(2)(A), (a)(4), and (a)(6) which states as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ...

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud ...

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny ...

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity ...

Because the dischargeability of a certain debt will affect the Debtor's ability to obtain a fresh start, these exceptions must be strictly construed against creditors and in favor of debtors. *In re Ducharme,* 85 B.R. 640 (Bankr.S.D.Fla.1988); *In re Cerar,* 84 B.R. 524 (Bankr.C.D.Ill.1988); *In re Tesmestges,* 74 B.R. 911 (Bankr.E.D.N.Y. 1987); *In re McCurdy,* 45 B.R. 728 (Bankr.

M.D.Pa.1985). The creditor must prove each element by clear and convincing evidence. *Matter of Van Horne*, 823 F.2d 1285 (8th Cir.1987); *In re Phillips*, 804 F.2d 930 (6th Cir.1986); *In re Black*, 787 F.2d 503 (10th Cir.1986); *In re Hunter*, 780 F.2d 1577 (11th Cir.1986); *In re Kimzey*, 761 F.2d 421 (7th Cir.1985).

To except a debt from discharge under § 523(a)(2)(A) the creditor must prove that:

(1) debtor made representations with the knowledge that they were false and with the intention and purpose of deceiving the creditor;

(2) the creditor relied on such representations; and

(3) the creditor sustained her alleged loss and damage as a proximate result.

*In re Hunter, supra; In re Freeman*, 68 B.R. 904 (Bankr.M.D.Pa.1987).

■ Plaintiff has alleged only two (2) items which could constitute false representations: the identification of the mobile home as a 1985 model when in fact, it was a 1984 model; and, the substitution of lower quality furnishings for those seen during the pre-purchase inspections. We address these seriatum.

There is clear indication that Plaintiff thought she was buying a 1985 vehicle and later found out it was a 1984 model. However, Plaintiff has not met her full burden of false representation by clear and convincing evidence. Initially we note that the sale of the trailer was conducted by Richard Ward. Plaintiff testified that Debtor was not involved in the sale until the very end of the closing. Richard is not Thomas; if Richard offered a fraudulent representation, it is not transferrable to Thomas, who is the Debtor in this proceeding.

Additionally, Plaintiff has not proved that the representations made by Richard Ward were intended to deceive, as opposed to being an honest mistake. Finally, we have been offered nothing to show that Plaintiff has sustained any provable damages as a result of the difference in model years. No testimony was offered to show the retail prices for 1984 and 1985 so as to permit us to determine if the sales price was appropriate.

■ As to the substitution of merchandise, even less proof has been offered. Plaintiff alleges that the interior furnishings are different from those originally housed in the trailer and that the replacement items are somehow inferior. However, no evidence was provided to substantiate any damages. Plaintiff did not state the brand name of any furniture, original or alleged replacement, nor did she identify a difference in fabrics or wood, or even color, other than to say they were of "cheaper quality". This is certainly not clear and convincing evidence of any fraudulent representation. We cannot deny Debtor the discharge of this debt based upon so frail an allegation.

■ The exception to discharge of debts incurred through fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny, § 523(a)(4), is intended to reach those debts incurred through abuses of fiduciary positions and through active misconduct whereby debtor has deprived others of their property by criminal acts. *Matter of Boyle*, 819 F.2d 583 (5th Cir. 1987). While Plaintiff has nowhere stated her rationale for raising this objection to dischargeability of debt, the Court finds no testimony has been provided to grant said objection. The only instance, in which a fiduciary relationship arose, was the execution of the power of attorney, by Plaintiff to Richard Ward, in order to allow him to complete the vehicle registration paperwork. There has been no proof offered to show that Richard Ward did anything untoward in relation to said power; however, a basic element remains absent: there is no indication of any fiduciary relationship between Plaintiff and *Thomas* Ward, Debtor. Without his presence in the Complaint there is no discharge in question.

■ In order to deny the dischargeability of a debt for willful and malicious injury, Plaintiff must prove that Debtor's actions were both willful *and* malicious. "Willful" means deliberate or intentional; "malicious" means in conscious disregard of one's duties or without just cause or

**730**

excuse. *Wheeler v. Laudani,* 783 F.2d 610 (6th Cir.1986).

Plaintiff attempts to assert, through *triple* hearsay, attributed to one of Debtor's former employees, that Debtor caused substantial damage to Debtor's trailer upon delivery, including *inter alia,* dents, scratches, cracks in pipes and walls, and misalignment.

First, we note that Plaintiff has no first hand knowledge of these allegations; she was not present when the trailer was allegedly delivered. Her information comes from a recitation delivered by one of Debtor's *former* employees—to Plaintiff's daughter. Neither the employee nor her daughter was called to testify, so as to permit their cross-examination or to adjudge their credibility, and we have no indication that either party was unavailable.

Additionally, it appears that Plaintiff did not assert any of these allegations until Debtor filed a state court action to collect the $4,401.00 balance due on the trailer. Only then did she make these averments by way of counterclaim. Plaintiff asserts that her daughter complained repeatedly, orally and in writing, prior to the filing of the lawsuit; yet her daughter did not testify, nor did Plaintiff produce copies of any of the letters of complaint. The scant testimony offered, even if completely credible, is insufficient to prove that Debtor willfully and maliciously caused injury to Plaintiff's property.

Based upon the foregoing, judgment will be entered for the Defendant and Plaintiff's Objection to Discharge will be dismissed.