**In re Ronald E. SELBY, Debtor.**

**Thomas L. SCHREIBER, as Personal Representative of the Estate of Raymond L. Schreiber, Deceased, and Jane L. Schreiber, Plaintiffs,**

v.

**Ronald E. SELBY, Defendant.**

**Bankruptcy No. 93–31477–BKC–SHF.
Adv. No. 93–0852–BKC–SHF–A.**

United States Bankruptcy Court,
S.D. Florida.

March 11, 1994.

Donald C. Dowling, Delray Beach, FL, for plaintiffs.

Charles I. Cohen, Boca Raton, FL, Leslie S. Osborne, Boca Raton, FL, for debtor/defendant.

### MEMORANDUM DECISION

STEVEN H. FRIEDMAN, Bankruptcy Judge.

Thomas L. Schreiber and Jane L. Schreiber ("Creditors") seek in their Amended Cred-

itors' Complaint Objecting to Discharge of Debtor to have their claim in the amount of $20,000.00 excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4). Ronald E. Selby ("Debtor") has answered and the matter was tried on February 28, 1994.

In Count I of their complaint, Creditors seek relief under Section 523(a)(2)(A) for sums advanced based upon Debtor's false representations. In Count II, Creditors seek relief under Section 523(a)(4) based upon Debtor's fraud while acting in a fiduciary capacity. The Court, having considered the testimony, the evidence presented, the candor and demeanor of the witnesses, and the arguments of counsel, concludes that Creditors have failed to prove that their claim should be excepted from Debtor's discharge.

Debtor has been a resident of the State of Florida since 1974, conducting business as a real estate investor under the corporate name of Property Finders, Inc. until January of 1993.[1] Debtor met Creditors several years prior to the transaction which is the subject of the instant adversary proceeding, when Creditors were in the market for the purchase of a residential condominium. On that occasion, Debtor, as a registered Florida real estate broker, acted in said capacity on behalf of Creditors. Thereafter, Debtor and Creditors[2] jointly invested in various parcels of real estate.

At some point in late 1986 or early 1987, Debtor approached Creditors concerning a possible investment in an apartment complex in Fort Lauderdale, Florida, known as the Bayview Apartments. Debtor proposed that Creditors would invest $20,000.00 relating to the subject property. In exchange, Creditors were to receive a $26,000.00 promissory note from Debtor bearing ten (10%) percent interest, secured by a mortgage on the subject real property, which investment was to

1. Although Property Finders, Inc. ostensibly is the corporate entity which transacted business with the Creditors, and which was a participant in the transaction at issue, the parties do not distinguish the activity of the corporate entity from the Debtor. Accordingly, for purposes of this opinion, the Court treats Property Finders, Inc. as the alter ego of the Debtor.

2. Creditors Raymond L. Schreiber and Jane L. Schreiber initiated this adversary proceeding on August 18, 1993. Raymond L. Schreiber subsequently died on August 29, 1993, and Thomas L. Schreiber, as his personal representative, was substituted as a party plaintiff.

be repaid within eighteen months. In addition to payment of the $26,000.00 plus interest, Debtor agreed to pay Creditors twenty percent of the profit derived from the anticipated sale of the apartment complex (Pl. Comp.Exh. No. 1–12, P. 2). At the time that Debtor proposed this transaction to Creditors, and at all times thereafter until May, 1989, Debtor did not own the subject apartment complex or hold title thereto, but rather, held a Contract for Deed for the property, granted to him by Joseph and Lillian Citta, the actual title holders (Pl.Comp.Exh. 1–S–1). Contemporaneously with the discussions between Debtor and Creditors concerning the real estate investment, Creditors did pay Debtor $20,000.00 (Def.Exh. 2).[3]

After the $20,000.00 payment by Creditors, and contrary to the terms of his agreement with Creditors, Debtor did not grant a mortgage in favor of Creditors to secure repayment of the $20,000.00 advanced by Creditors. Thereafter, Debtor was unable to repay his indebtedness to Creditors, ultimately precipitating legal action to enforce collection of the debt. Debtor contends that he deferred conveyance of the mortgage, and was unable to repay his indebtedness, due to the failure of the apartment complex investment. Debtor further contends that it was always his intent to grant a mortgage in favor of Creditors after the property had been refurbished, and after title to the property had been conveyed in fee to him. However, as a result of the project's failure, Debtor could not obtain the funds necessary to pay the first mortgage of approximately $260,000.00 encumbering the apartment complex. Consequently, Debtor was unable to obtain title in fee to the property, and was also unable to grant a mortgage in favor of Creditors. In lieu of the project's failure, Debtor granted a substitute mortgage to Creditors, encumbering a parcel of real property owned by Debtor in Kentucky (Def.Exhs. 1 and 3). Debtor testified that the value of the Kentucky property against which Creditors' mortgage was

granted equals $40,000.00, thereby providing ample collateral for repayment of the debt due Creditors. On cross-examination, Debtor did acknowledge that the tax bill for the Kentucky real property, reflecting an assessed value of $19,000.00, actually encompassed three parcels, and that Creditors were granted a mortgage against only one of the three parcels, thereby discrediting Debtor's testimony that the single parcel of Kentucky property against which a mortgage was granted in favor of Creditors had a value of $40,000.00.

For a debt to be excepted from discharge under Section 523(a)(2)(A), a creditor has the burden of proving each element of Section 523(a)(2)(A) by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In order for a bankruptcy court to determine that a particular debt is non-dischargeable because of a debtor's false representation, a creditor must prove the following elements:

[t]he debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation.

*In re Hunter,* 780 F.2d 1577, 1579 (11th Cir.1986); *In re Mullin,* 88 B.R. 454 (Bankr. S.D.Fla.1988). Creditors have failed to meet their burden of proof.

█ In an attempt to prove its case, Creditor introduced many documents. However, only Debtor's November 1, 1986 correspondence to Raymond L. Schreiber (Pl. comp. exh. 1–23) could be construed as a misrepresentation by Debtor. In that letter, Debtor represented to Creditor, Raymond Schreiber, that he had "acquired the property and done extensive refurbishing", and also that "[y]our share of the property would be $20,000.00 which we would secure by a purchase money market on the property." Assuming *arguendo* that this letter establishes that Debtor did make a false representation, Creditors did

---

**3.** Actually, the $20,000.00 investment received by the Debtor was made in the name of Raymond Leo Schreiber and Jane Louise Schreiber, as Co-Trustees VDT June 14, 1971. At the conclusion of Creditors' case, the Debtor moved for dismissal based upon a lack of standing by Creditors to

institute this adversary proceeding. In light of the Court's ruling on the merits (as if the Creditors *did* have standing to institute this action rather than trust), the Debtor's motion for dismissal based upon Creditors' lack of standing becomes moot.

not establish that the false representation was made with an intent to deceive Creditors, or that Creditors relied upon Debtor's statements. The evidence of Debtor's intent indicates that, at all times during the course of the transaction, Debtor acted in good faith. He attempted to live up to his obligations due Creditors by making the required interest/instalment payments due on the $20,000.00 loan (Pl.Comp.Exhs. 1–5, 1–6, 1–7, 1–8, 1–9). More significantly, when Debtor realized that he would be unable to acquire the Bayview Apartment complex, he provided Creditors with substitute collateral for the loan (Def.Exh. 3). The failure or inability of Debtor to grant a mortgage against the Bayview Apartment complex is not an actionable misrepresentation under Section 523(a)(2)(A). As stated in *Matter of Bercier*, 934 F.2d 689, 692 (5th Cir.1991):

> "false representation" or "false pretense", within the meaning of the statutory exception to discharge, must encompass statements that falsely purport to depict current or past facts; A promise related to future action, which does not purport to depict current or past facts, is not sufficient to trigger the exception.

In addition, there is no evidence that Creditors relied upon the representations of Debtor with regard to either his purported ownership of the apartment complex, or his intent to grant a mortgage in favor of Creditors. Creditor, Jane Schreiber, admitted that she had no direct contact with Debtor in conjunction with the consummation of the transaction at issue. Rather, her late husband acted on her behalf in dealing with Debtor. Furthermore, although the other witnesses called on behalf of Creditors testified as to the circumstances surrounding the subject transaction, none provided testimony that Creditors relied upon the representations of Debtor in advancing the $20,000.00 at issue. Also, there exists insufficient evidence to enable this Court to infer that Debtor made representations to Creditors with an intent to deceive.

Creditors also claim that the $20,000.00 debt is nondischargeable under Section 523(a)(4), because Debtor perpetrated a fraud upon them while acting in a fiduciary capacity as their real estate broker. Debtor may have owed Creditors a fiduciary duty as a co-venturer, but not as a real estate broker, as in the instant transaction, Debtor clearly was not acting as a broker. *Malkus v. Gaines*, 476 So.2d 220 (3rd DCA 1985). However, *sub judice* there was no evidence that Debtor committed a fraud upon Creditors, as there was no proof that Creditors relied upon the Debtor's false representation. Accordingly, Creditors' exception to discharge under Section 523(a)(4) likewise fails.

A separate judgment will be entered determining the $20,000.00 obligation owed by Ronald E. Selby to the Schreibers to be discharged.

**DONE and ORDERED.**

### *JUDGMENT*

In Accordance with this Court's Memorandum Decision, it is hereby

**DECREED, ORDERED and ADJUDGED** that Judgment is granted in favor of Defendant RONALD E. SELBY against Plaintiffs THOMAS L. SCHREIBER, as Personal Representative of the Estate of RAYMOND L. SCHREIBER, Deceased, and JANE L. SCHREIBER, determining the $20,000.00 obligation owed by the Defendant to the Plaintiffs to be discharged.

**DONE and ORDERED.**